UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD WEBBER <br> 11342 Trenton Road NW <br> Uniontown, Ohio 44685 <br><br> on behalf of himself and <br> all others similarly situated, <br><br>     Plaintiff <br><br>     vs. <br><br> NINE ENERGY SERVICE, INC. <br> c/o The Corporation Trust Company <br> Corporation Trust Center <br> 1209 Orange Street <br> Wilmington, Delaware 19801 <br><br>     and <br><br> CDK PERFORATING, LLC <br> d/b/a NINE ENERGY SERVICE <br> c/o Incorp. Services, Inc. <br> 9435 Waterstone Blvd, Suite 140 <br> Cincinnati, Ohio 45249 <br><br>     and <br><br> DAK-TANA WIRELINE, LLC <br> d/b/a NINE ENERGY SERVICE <br> c/o National Registered Agents, Inc. <br> 160 Greentree Drive, Suite 101 <br> Dover, Delaware 19904 <br><br>     Defendants. | CASE NO.: <br><br> JUDGE: <br><br> **PLAINTIFF'S COMPLAINT** <br><br> (Jury demand endorsed hereon) |

Now comes Plaintiff, Ronald Webber, by and through counsel, and for a Complaint against Defendants Nine Energy Service, Inc. ("Nine Energy"), CDK Perforating, LLC d/b/a Nine Energy Service ("CDK"), and Dak-Tana Wireline, LLC d/b/a Nine Energy Service ("Dak-Tana"), states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendants' practice and policy of failing to pay Plaintiff and other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. § 4111.01, *et. seq.* (the "Ohio Class"); the Pennsylvania Minimum Wage Act, ("PMWA"), 43 P.S. §§ 333.101, *et. seq.*and 34 Pa. Cons. Stat. § 231.1 *et seq*. (the "Pennsylvania Class"); New York Labor Law ("NYLL") Article 19, § 650, *et seq.* (the "New York Class"); the Montana Minimum Wage Law ("MMWL") Mont. Code Ann. § 39-3-401, *et. seq.* (the "Montana Class"); and Title 34 of the North Dakota Century Code ("NDCC") and Title 46 of the North Dakota Administrative Code (the "North Dakota Class").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because (1) Defendant Nine Energy conducts business throughout this District and Division; (2) Defendants CDK and Dak-Tana are wholly owned subsidiaries of Nine Energy; and (3) because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

5. At all times relevant herein, Plaintiff was a resident of Stark County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

7. At all times relevant herein, Defendant Nine Energy was a Delaware Corporation and conducted business internationally, including within this District and Division.

8. At all times relevant herein, Defendant CDK was a Texas Limited Liability Company that was wholly owned by Defendant Nine Energy.

9. At all times relevant herein, Defendant Dak-Tana was a Delaware Limited Liability Company that was wholly owned by Defendant Nine Energy.

10. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d).

11. At all times relevant herein, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant herein, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

14. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

15. Defendant Nine Energy is an international oil and gas conglomerate that consists of NSC-Tripoint, CDK Perforating, Integrated Production Services Canada, Peak Pressure Control, Dak-Tana Wireline and Crest Pumping Technologies.

16. Defendant CDK is an energy company that provides wireline and tubing conveyed perforating services in Texas, Oklahoma, West Virginia, Ohio, New York and Pennsylvania and is a wholly-owned subsidiary of Nine Energy

17. Defendant Dak-Tana is a wireline services company that provides electric line cased hole logging, pipe recovery and plug setting services out of North Dakota and Montana and is a wholly-owned subsidiary of Nine Energy.

18. Plaintiff Ronald Webber was employed by Defendant Nine Energy between approximately December 29, 2014 and March 1, 2015 as a wireline engineer.

19. Other similarly-situated employees were employed by Defendants in wireline operation and service positions that include but are not limited to wireline engineers and operators (collectively "wireline employees").

20. Plaintiff and other similarly-situated employees were often assigned by Defendant Nine Energy and/or one of its subsidiaries to work at various well sites in differing states. Crews from each of the states in which Defendants had a presence would be called upon from time to time to work in another state.

21. Plaintiff and other similarly-situated wireline employees were paid a salary and/or day rate for each day they worked.

22. Defendants required Plaintiff and other similarly-situated wireline employees to work approximately 12 to 18 hours per day, seven days per week.

23. Plaintiff Ronald Webber estimates that he worked 12 to 16 hour shifts seven days per week on average between December 2014 and March 2015.

24. However, Defendants failed to pay Plaintiff and other similarly-situated wireline employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek.

25. Rather than being paid overtime compensation, Plaintiff and other similarly-situated wireline employees were only paid a salary rate, a per diem rate, and/or bonuses.

26. Defendants knowingly and willfully failed to pay Plaintiff and other similarly-situated wireline employees overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

28. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All current and former wireline employees employed by Defendants at any time between May 8, 2012 and the present.

29. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least several hundred persons.

30. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.

5

Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

32. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings Counts Two through Five of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other wireline employees employed in Ohio, Pennsylvania, New York, Montana and North Dakota.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following state law sub-classes:

> (a) All current and former wireline employees employed by Defendant Nine Energy or any of its subsidiaries who worked in Ohio at any time between May 8, 2013 and the present.
>
> (b) All current and former wireline employees employed by Defendant Nine Energy or any of its subsidiaries who worked in Pennsylvania at any time between May 8, 2012 and the present.
>
> (c) All current and former wireline employees employed by Defendant Nine Energy or any of its subsidiaries who worked in New York at any time between May 8, 2009 and the present.
>
> (d) All current and former wireline employees employed by Defendant Nine Energy or any of its subsidiaries who worked in Montana at any time between May 8, 2013 and the present.
>
> (e) All current and former wireline employees employed by Defendant Nine Energy or any of its subsidiaries who worked in North Dakota at any time between May 7, 2013 and the present.

33. The Ohio, Pennsylvania, New York, Montana and North Dakota Classes are each

so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of each potential Class, but upon information and belief, aver that each consists of at least 50 persons.

34. There are questions of law or fact common to the Ohio, Pennsylvania, New York, Montana and North Dakota Classes, including but not limited to the following:

> (a) Whether Defendant Nine Energy or any of its subsidiaries failed to pay Plaintiffs and other class members all overtime pay due to them?
>
> (b) Whether Defendant Nine Energy or any of its subsidiaries failed to pay Plaintiffs and other class members overtime pay due to them in violation of the FLSA and Ohio law was willful?
>
> (c) Whether Defendant Nine Energy and/or any of its subsidiaries kept adequate records of the hours worked by Plaintiffs and the other class members?

35. The claims of named Plaintiff Ronald Webber are typical of the claims of other members of each of the Classes. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other Class members.

36. Named Plaintiff Ronald Webber will fairly and adequately protect the interests of the each of the Classes. His interests are not antagonistic to, but rather are in unison with, the interests of other Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio, Pennsylvania, New York, Montana and North Dakota Classes in this case.

37. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to each of the Classes, listed above, are common to all of the Classes as a

whole, and predominate over any questions affecting only individual class members.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Defendants' practice and policy of not paying Plaintiff and other similarly-situated wireline employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207.

41. By engaging in the above-mentioned practice and policy, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

42. As a result of Defendants' practice and policy, Plaintiff and other similarly-situated wireline employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code § 4111.03)

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten

8

herein.

44. At all times relevant herein Defendants were an "employer" within the meaning of O.R.C. § 4111.03(D)(2).

45. Named Plaintiff Ronald Webber and other members of the Ohio Class are "employees" meaning of O.R.C. § 4111.03(D)(3).

46. Defendants' practice and policy of not paying Plaintiff and other similarly-situated wireline employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, O.R.C. § 4111.03.

47. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## COUNT THREE
### (Violations of Pennsylvania Overtime Laws)

48. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

49. At all times relevant, Defendants were an "employer" within the meaning of PMWA, 43 P.S. §§ 333.103(g).

50. Named Plaintiff Ronald Webber and other members of the Pennsylvania Class are "employees" meaning of PMWA, 43 P.S. §§ 333.103(h).

51. Defendants' practice and policy of not paying Plaintiff and other similarly-situated wireline employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated 34 Pa. Cons. Stat. § 231.41.

52. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the PMWA.

## COUNT THREE
### (Violations of New York Labor Law Articles 6 and 19)

53. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

54. Defendant is an "employer" within the meaning of New York Labor Law Articles 6 and 19.

55. Named Plaintiff Ronald Webber and other members of the New York Class are "employees" within the meaning of NYLL Articles 6 and 19.

56. Defendants' practice and policy of not paying Plaintiff and other similarly-situated wireline employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated 12 N.YC.R.R. § 142-2.2.

57. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to New York Labor Law Article 19.

## COUNT FOUR
### (Violations of Montana Overtime Laws)

58. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

59. Defendant is an "employer" within the meaning of Mont. Code Ann. § 39-3-201(5).

10

60. Named Plaintiff Ronald Webber and other members of the Montana Class are "employees" within the meaning of Mont. Code Ann. § 39-3-402 (3).

61. Defendants' practice and policy of not paying Plaintiff and other similarly-situated wireline employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated Mont. Code Ann. § 39-3-405(1).

62. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to Mont. Code Ann. § 39-3-405(1).

## COUNT FIVE
### (Violations of North Dakota Overtime Laws)

63. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

64. Defendant is an "employer" within the meaning of N.D.C.C. § 34-06-01.3.

65. Named Plaintiff Ronald Webber and other members of the North Dakota Class are "employees" within the meaning of N.D.C.C. § 34-06-01.2.

66. Defendants' practice and policy of not paying Plaintiff and other similarly-situated wireline employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated N.D. Admin. Code § 46-03-01.

67. As a result of Defendants' practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to N.D. Admin. Code § 46-03-01.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. An order certifying each of the State Law Classes as class actions pursuant to Fed. R. Civ. P. 23;

D. An order appointing Plaintiffs and their counsel as Class Counsel to represent the interests of the FLSA Class and the State Law Classes;

E. Award Plaintiff and the class he represents actual damages for unpaid overtime compensation;

F. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the class;

G. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

H. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

I. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| /s/ Anthony J. Lazzaro | /s/Don J. Foty (will file for admission *pro hac vice*) |
| Anthony J. Lazzaro (0077962) | Kennedy Hodges, L.L.P. |
| Sonia M. Whitehouse (0088684) | Texas State Bar No. 24050022 |
| The Lazzaro Law Firm, LLC | 711 W. Alabama Street |
| 920 Rockefeller Building | Houston, Texas 77006 |
| 614 W. Superior Avenue | Telephone: (713) 523-0001 |
| Cleveland, Ohio 44113 | Facsimile: (713) 523-1116 |
| Phone: 216-696-5000 | dfoty@kennedyhodges.com |
| Facsimile: 216-696-7005 | Attorneys for Plaintiff |
| anthony@lazzarolawfirm.com | |
| sonia@lazzarolawfirm.com | |
| Attorneys for Plaintiff | |

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

                                                       /s/ Anthony J. Lazzaro
                                                      One of the Attorneys for Plaintiff