**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| RONALD WEBBER, ) <br> on behalf of himself and all ) <br> others similarly situated ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> NINE ENERGY SERVICE, INC., et al., ) <br> ) <br> Defendants. ) | CASE NO. 2:15-cv-01807 <br><br> CHIEF JUDGE EDMUND A. SARGUS |

### **DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS STATE LAW CLAIMS**

Defendants CDK Perforating, LLC ("CDK"), Dak-Tana Wireline, LLC ("Dak-Tana")[1] and Nine Energy Service, Inc. ("Nine Energy") (collectively, "Defendants") move to dismiss Plaintiff's claims asserting violations of the state wage and hour laws of Ohio, Pennsylvania, New York, Montana and North Dakota, pursuant to Federal Rule of Civil Procedure 12(b)(6), due to Plaintiff's failure to state a claim.

1.   Plaintiff asserts claims for overtime compensation pursuant to the state wage and hour laws of Ohio, Pennsylvania, New York, Montana and North Dakota.

2.   Plaintiff has failed to state a claim upon which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

3.   State laws are presumed not to have an extraterritorial effect unless the legislature clearly expresses a contrary intent. *See Mitchell v. Abercrombie & Fitch*, 2005 WL 1159412, at *2 (S.D. Ohio 2005) (Sargus, J). Moreover, the extraterritorial application of state wage and hour law to individuals who performed no work in the state impermissibly burdens interstate

---

[1] Dak-Tana submits this Motion subject to, and without waiving, its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

1

commerce in violation of the dormant Commerce Clause of the United States Constitution. *See id.*

4. The state laws of Ohio, Pennsylvania, New York, North Dakota and Montana do not have extraterritorial application to individuals who performed no work in those states.

5. Because those state laws do not have extraterritorial reach, to state a plausible claim for relief under any of them, Plaintiff must allege that he worked in that state during his two-month employment.

6. Plaintiff alleges that he is a resident of Ohio, but does not identify the state or states in which he worked for any Defendant.

7. Defendants request that the Court dismiss the second claim labelled Count Three (violation of New York Labor Law), Count Four (violation of Montana overtime laws) and Count Five (violation of North Dakota overtime laws) in their entirety, against all Defendants. Plaintiff has failed to allege that he worked in any of those states.

8. Plaintiff's allegations supporting his claims under New York, North Dakota and Montana law are made only against an unspecified *Defendant*. Because he fails to give notice of which entity he asserts those claims against, Defendants request they be dismissed for this additional reason.

9. Defendants Dak-Tana and Nine Energy also request that the Court dismiss Count Three, alleging violation of Pennsylvania overtime law, against them, based on Plaintiff's failure to plead the necessary facts to establish he worked in Pennsylvania for either company.[2]

10. Defendants Dak-Tana and Nine Energy also request that the Court dismiss Count Two, alleging violation of Ohio Revised Code § 4111.03, against them, based on Plaintiff's

---

[2] Although Plaintiff's claim based on Pennsylvania law is also insufficient with respect to CDK, CDK does not seek dismissal of that claim because it acknowledges that Plaintiff did perform services in Pennsylvania for CDK.

failure to allege that he performed any services for Dak-Tana or Nine Energy in Ohio or that those entities provide any services in Ohio.[3]

11. Defendants separately submit, and incorporate herein, their Memorandum in Support of this Motion to Dismiss State Law Claims.

12. For the foregoing reasons, Defendants request as follows:

- Dismissal of Counts Three (New York labor law), Four (Montana overtime law) and Five (North Dakota overtime law) against CDK,[4] Dak-Tana and Nine Energy; and

- Dismissal of Counts Two (Ohio wage law) and Three (Pennsylvania overtime law) against Dak-Tana and Nine Energy.

Respectfully submitted,

 */s/ Felix C. Wade*
Felix C. Wade, Trial Attorney     (0024462)
ICE MILLER, LLC
250 West Street, 7th Floor
Columbus, OH 43215
Phone:     (614) 462-2276
Facsimile: (614) 228-3673
Pete.Wade@icemiller.com

---

[3] Although Plaintiff's claim based on Ohio law is also insufficient with respect to CDK as he failed to allege that he performed for CDK in Ohio, CDK does not seek dismissal of that claim because it acknowledges that Plaintiff did perform services in Ohio for CDK.

[4] Unless the Court sets a different time, CDK will file its responsive pleading to address the claims against it not addressed by this Motion, and any claims not dismissed by the Court, fourteen (14) days after the Court rules on this Motion, in accordance with Rule 12(a)(4)(A). *See Sister Michael Marie v. Am. Red Cross*, No. 2:11-cv-474, 2013 WL 2417981, at *1 (S.D. Ohio June 3, 2013) (holding that Rule 12(a)(4)(A)'s enlargement of time to serve responsive pleadings applies to claims not subject to Rule 12(b) motion where a defendant files a partial motion to dismiss); *Neff v. Standard Fed. Bank*, No. 2:06-cv-0856 (S.D. Ohio Mar. 27, 2007) (agreeing that filing partial motion to dismiss stays time to respond to remaining counts).

    */s/ Sean M. Becker*
SEAN M. BECKER *(Pro Hac Vice)*
Texas Bar No. 24049657
CHRISTIE M. ALCALÁ *(Pro Hac Vice)*
Texas Bar No. 24073831
VINSON & ELKINS L.L.P.
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Telephone:   713.758.2646
Facsimile:    713.615.5129
*sbecker@velaw.com*
*calcala@velaw.com*

ATTORNEYS FOR DEFENDANTS
CDK PERFORATING, LLC, DAK-TANA
WIRELINE, LLC AND NINE ENERGY
SERVICE, INC.

## **CERTIFICATE OF SERVICE**

    I certify that on June 29, 2015, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF System and automatically copied to all Counsel of Record.

    */s/ Sean M. Becker*
Attorney for Defendant

4

US 3596363

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD WEBBER,<br>on behalf of himself and all<br>others similarly situated<br><br>Plaintiff<br><br>vs.<br><br>NINE ENERGY SERVICE, INC., et al.,<br><br>Defendants. | CASE NO. 2:15-cv-01807<br><br>CHIEF JUDGE EDMUND A. SARGUS |

**DEFENDANTS' RULE 12(B)(6) MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS STATE LAW CLAIMS**

Defendants CDK Perforating, LLC ("CDK"), Dak-Tana Wireline, LLC ("Dak-Tana") and Nine Energy Service, Inc. ("Nine Energy") (collectively, "Defendants") submit this Memorandum in support of their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), based on Plaintiff's failure to state a claim with respect to a violation of the state wage and hour laws of Ohio, Pennsylvania, New York, Montana and North Dakota.

**I.   Summary of Motion**

Plaintiff alleges he is a resident of Ohio and claims he worked for Defendant Nine Energy for approximately two months. Complaint at ¶¶ 5, 18. He does not identify the state or states in which he worked for Nine Energy or any other Defendant.[1] Nonetheless, he asserts claims, and seeks to have a class certified pursuant to Rule 23, alleging violations of the state wage and hour laws of five states: Ohio, Pennsylvania, New York, North Dakota and Montana.

Because those state laws do not have extraterritorial reach, to state a plausible claim for relief under any state's law, Plaintiff must allege that he worked in that state during his two-

---

[1] Defendants Dak-Tana and Nine Energy deny that Plaintiff was employed by them and have filed a Rule 12(b)(6) motion to dismiss based on Plaintiff's failure to sufficiently allege that either was his employer.

1

month employment. Plaintiff's Complaint pleads his Ohio residency but is silent on the necessary facts about where he worked.

Accordingly, Defendants request that the Court dismiss the second claim labelled Count Three[2] (violation of New York Labor Law), Count Four (violation of Montana overtime laws) and Count Five (Violation of North Dakota overtime laws) in their entirety, against all Defendants.

Defendants Dak-Tana and Nine Energy also request that the Court dismiss Count Three, alleging violation of Pennsylvania overtime law, against them, based on Plaintiff's failure to plead the necessary facts to establish he worked in Pennsylvania for either company.[3]

Further, Plaintiff fails to allege either that he performed any services for Dak-Tana or Nine Energy in Ohio or that those entities provide any services in Ohio. As a result, Defendants request that the Court dismiss Count 2 (violation of Ohio Revised Code § 4111.03) against Dak-Tana and Nine Energy.

Finally, Plaintiff's allegations supporting his claims under New York, North Dakota and Montana law are made only against an unspecified *Defendant*. Because he fails to give notice of which entity he asserts those claims against, Defendants request they be dismissed.

## II.     Relevant Allegations

Alleging he was not properly paid overtime compensation, Plaintiff purports to bring claims on behalf of himself and other similarly situated employees not only pursuant to the Fair Labor Standards Act ("FLSA"), but also pursuant to statutory wage laws of the states of Ohio, Pennsylvania, New York, Montana and North Dakota. Complaint at ¶1.

---

[2] Plaintiff has alleged two "Count Threes."
[3] Although Plaintiff's claim based on Pennsylvania law is also insufficient with respect to CDK, CDK does not seek dismissal of that claim because it acknowledges that Plaintiff did perform services in Pennsylvania for CDK.

2

Plaintiff alleges that he was a resident of Ohio. *Id.* at ¶ 5. He further alleges that CDK provides wireline and other services in Ohio, among other states. *Id.* at ¶ 16. He does not allege that Dak-Tana or Nine Energy perform any services in Ohio. *See id.* at ¶¶ 15, 17.

Plaintiff brings Counts Two[4] through Five of this action pursuant to Fed. R. Civ. P. 23 "on behalf of himself and all other wireline employees employed in Ohio, Pennsylvania, New York, Montana and North Dakota." *Id.* at ¶ 32. He purports to seek certification of five subclasses, each composed of employees who worked in one of the five named states. *Id.* at ¶ 32(a) – (e).

Plaintiff further asserts, in connection with each state law violation, respectively:

- "Named Plaintiff Ronald Webber and other members of the Ohio Class are 'employees' meaning of O.R.C. § 4111.03(D)(3)." *Id.* at ¶ 45.

- "Named Plaintiff Ronald Webber and other members of the Pennsylvania Class are 'employees' meaning of PMWA, 43 P.S. §§ 33.103(h)." *Id.* at ¶ 50.

- "Named Plaintiff Ronald Webber and other members of the New York Class are 'employees' meaning of NYLL Articles 6 and 19." *Id.* at ¶ 55.

- "Named Plaintiff Ronald Webber and other members of the Montana Class are 'employees' meaning of Mont. Code Ann. § 39-3-402(3)." *Id.* at ¶ 60.

- "Named Plaintiff Ronald Webber and other members of the North Dakota Class are 'employees' meaning of N.D.C.C. § 34-06-01.2." *Id.* at ¶ 65.

However, Plaintiff does not allege that he worked in each of the five states whose state law he claims was violated.

In pleading the Ohio and Pennsylvania law claims, Plaintiff alleges: "*Defendants* were an 'employer' within the meaning of" the applicable state statute. *Id*. at ¶¶ 44, 49 (emphasis added). In contrast, in pleading the New York, Montana and North Dakota claims, Plaintiff alleges: "*Defendant* is an 'employer' within the meaning of" the applicable state statute. *Id.* at ¶ 54, 59,

---

[4] Plaintiff asserts two different counts entitled "Count Three" – one under Pennsylvania law and one under New York Law.

3

64 (emphasis added). Plaintiff does not specify which Defendant he claims was an employer under each of these three state law counts.

## III.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Although courts are required, for the purpose of the analysis under Rule 12(6)(6), to treat as true all factual allegations in the complaint, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly,* 550 U.S. at 557). The Court need not accept as true legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).  Pleading facts that are "'merely consistent with' a defendant's liability" or facts that do not "permit the court to infer more than the mere possibility of misconduct" is not sufficient. *Iqbal*, 556 U.S. at 678, 679 (citing *Twombly*, 550 U.S. at 557).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). While this standard is "not akin to a probability requirement," there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. The factual allegations, taken to be true, "must do more than create speculation

4

or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (quotations omitted).

IV. **Argument**

   A. **Plaintiff Has Failed to State a Claim Under Any of the State Laws.**

Plaintiff seeks to maintain class actions under the state wage laws of five states: Ohio, Pennsylvania, New York, North Dakota and Montana. Yet he has failed to allege which, if any, states he worked in during his short, two-month employment. Because he cannot obtain relief under a state wage law if he did not work in that state, he has failed to state a claim under any state law.[5]

   B. **State Wage Laws Have No Extraterritorial Reach, Therefore Plaintiff Cannot State a Claim if He Did Not Work in the State.**

The United States Supreme Court has long held that statutes are presumed not to have an extraterritorial effect unless the legislature clearly manifests a contrary intent. *Sale v. Haitian Ctrs. Council, Inc.,* 509 U.S. 155, 188 (1993); *see Am. Banana Co. v. United Fruit Co.*, 213 U.S. 347 (1909). A state's laws are "presumptively territorial and confined to limits over which the law-making power has jurisdiction." *Sandberg v. McDonald,* 248 U.S. 185, 195 (1918). "In other words, a state statute ordinarily will not operate beyond the limits of the state unless such an intent is clearly expressed or indicated by the language, purpose, subject matter, or history of the legislation." *Mitchell v. Abercrombie & Fitch*, 2005 WL 1159412, at *2 (S.D. Ohio 2005) (Sargus, J).

Moreover, the Commerce Clause of the United States Constitution limits a state's authority to legislate in areas that would impermissibly burden interstate commerce. *Edgar v.*

---

[5] Although Plaintiff has failed to sufficiently allege the necessary facts to state a claim under Ohio and Pennsylvania law, CDK does not move to dismiss that claim because Plaintiff performed services for CDK in both Ohio and Pennsylvania. Dak-Tana and Nine Energy, however, do move to dismiss the Pennsylvania and Ohio state claims as alleged against them.

5

*MITE Corp.*, 457 U.S. 624, 642–43 (1982)  ("The Commerce Clause ... precludes the application of a state statute to commerce that takes place wholly outside of the State's borders, whether or not the commerce has effects within the State."); *see also Healy v. Beer Inst., Inc*., 491 U.S. 324, 336 (1989) ("[A] statute that directly controls commerce occurring wholly outside the boundaries of a State exceeds the inherent limits of the enacting State's authority and is invalid. The critical inquiry is whether the practical effect of the regulation is to control conduct beyond the boundaries of the State.").

This Court previously addressed both the extraterritorial application of state law and the dormant Commerce Clause in determining the reach of the Ohio Minimum Fair Wage Standards Act. In *Mitchell*, a Pennsylvania resident who worked at a Pennsylvania store location for an Ohio corporation asserted an overtime claim pursuant to the Ohio wage law. While the Court found that the statutory language "does not specifically deny extraterritorial application," it nonetheless found that "various practical and legal reasons compel the conclusion that the Ohio legislature did not intend for the wage and hour statute at issue to apply extraterritorially to employees like [plaintiff] who perform no work within the territorial limits of the State of Ohio." *Id.* at *3.

In particular, the Court explained, the dormant Commerce Clause of the United States Constitution limits a state's right to "directly affect, bind, or operate upon property or persons beyond its territorial jurisdiction." *Id.* at *3.

> Although a state may have the power to legislate concerning the rights and obligations of its citizens with regard to transactions occurring beyond its boundaries, application of the legislation may not place an undue burden on interstate commerce. The test for determining whether a statute should be struck down as violating the Commerce Clause balances the burdens on commerce against the interests of the state.

*Id.* Finding that application of the Ohio wage law to the plaintiff's employment in Pennsylvania would "impermissibly burden interstate commerce," the Court observed the dormant Commerce Clause "prohibits Ohio from regulating the working conditions of a non-resident who performs work and earns wages outside of the state." *Id.*; *see also Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1059, 1063 (N.D. Cal. 2014) ("Although the wage and hour laws themselves are clear that they do not apply to work performed exclusively outside the state, these constitutional concerns cement that conclusion."); *Priyanto v. M/S Amsterdam*, 2009 WL 175739, at *7 (C.D. Cal. Jan. 23, 2009) ("This court has found no decision applying any state's wage laws to nonresidents who did not work in the state, regardless of the other contacts.").[6]

Both Pennsylvania and New York courts have confirmed that their state wage laws do not extend to nonresidents who do not work within their borders. Construing Pennsylvania's wage payment and collection law, Pennsylvania district courts have repeatedly rejected the application of the law to employees who are "not based in Pennsylvania." *See Killian v. McCulloch*, 873 F. Supp. 938, 942 (E.D. Pa.1995) ("we hold that the protections contained in the [Pennsylvania Wage Payment and Collection Law] extend only to those employees based in Pennsylvania"), *aff'd*, 82 F.3d 406 (3d Cir. 1996); *Tomlinson v. Checkpoint Syst., Inc.*, 2008 WL 219217, at *9-10 (E.D. Pa. Jan. 25, 2008) (holding that Pennsylvania residents employed by out-of-state employers and whose positions are based out of state are not "employees" under Pennsylvania's wage payment and collection law, even where employee worked from home on occasion). The PMWA likewise has been construed to apply only to Pennsylvania-based employees. For

---

[6] Other courts have also rejected the extraterritorial application of state laws to nonresidents performing work outside the state's boundaries. *See, e.g., Vengurlekar v. Silverline Techs., Ltd.*, 220 F.R.D. 222, 230-31 (S.D.N.Y. 2003) (New Jersey wage act does not apply to employees who neither lived nor worked in New Jersey despite their employment by corporate defendants headquartered in New Jersey); *Glass v. Kemper Corp.*, 920 F. Supp. 928, 931-32 (N.D. Ill. 1996) (Illinois state wage law did not apply to employee who neither lived nor worked in Illinois); *Sawyer v. Market Am., Inc.*, 661 S.E.2d 750 (N.C. Ct. App. 2008) (North Carolina wage act does not apply to the wage claims of a nonresident independent contractor who worked and lived in Oregon).

instance, it has been permitted to apply to work performed outside of Pennsylvania only for employees who were based in Pennsylvania. *See Friedrich v. U.S. Computer Systems, Inc.*, 1996 WL 32888, at *8 (E.D. Pa. Jan. 22, 1996); *Truman v. DeWolff, Boberg & Assoc., Inc.*, 2009 WL 2015126, at *2 (W.D.PA. July 7, 2009) (holding that work in foreign country was not exempt from PMWA where employee was a Pennsylvania resident based in Pennsylvania).

Article 19 of the New York Labor Law, which includes the overtime provisions, begins with a "Statement of Public Policy" section stating that it was enacted to address the fact that "[t]here are persons employed in some occupations *in the state of New York* at wages insufficient to provide adequate maintenance for themselves and their families." N.Y. Lab. Law § 650 (emphasis added). A New York district court has interpreted that language, combined with the presumption against extraterritoriality, to mean that New York Labor Law "does not apply to people who work outside of the State of New York." *Magnuson v. Newman*, 2013 WL 5380387, at *5 (S.D.N.Y. Sept. 25, 2013).

Similarly, the North Dakota statute, by its terms, is limited to workers "within this state." NDCC 34-06-05.

Like the Ohio statute, the Montana statute is silent as to its extraterritorial application. However, there is no basis to conclude that Montana either intended the extraterritorial application of its wage law, or if it did, could permissibly extend its laws outside its borders without running afoul of the dormant Commerce Clause.

Accordingly, to state a claim for relief under any of these state wage laws, a plaintiff must allege, at the least, that he worked within that state.

8

**C.    Plaintiff's Allegations are Insufficient to Establish He Is Entitled to Recover Under New York, Montana or North Dakota Law Against Any Defendant or Under Ohio or Pennsylvania Law Against Dak-Tana and Nine Energy.**

Plaintiff alleges only that he is a resident of Ohio. He has failed to allege the threshold fact that he worked in any of the states under whose laws he seeks a remedy. His claims under New York, Montana and North Dakota law should be dismissed against all Defendants. Likewise, his claims under Ohio and Pennsylvania law should be dismissed against Dak-Tana and Nine Energy.[7]

Although Plaintiff has pled his Ohio residency, he has not pled that he worked in Ohio. Further, he has not alleged that either Dak-Tana or Nine Energy provides services in Ohio. Rather, he alleges only that CDK provides wireline and other services in Ohio. As a result, his allegations are factually insufficient to state a claim under Ohio law for overtime compensation against either Dak-Tana or Nine Energy, who perform no services in Ohio and, thus, for whom he could have performed no services in Ohio. Count Two, alleging a violation of Ohio overtime law, should be dismissed as plead against Dak-Tana and Nine Energy.

**D.    Plaintiff Does Not Identify The Defendant Against Whom He Asserts Claims Under New York, Montana and North Dakota.**

Plaintiff's Complaint is also deficient in that it does not make clear the *Defendant* against whom he seeks to allege his claims pursuant to the state laws of New York, Montana and North Dakota. Plaintiff's Complaint fails to give notice to the Defendants that he seeks to hold them liable for violations of those state laws. Those claims should therefore be dismissed on this independent ground.

---

[7] Although Plaintiff's pleading is also insufficient to state an Ohio or Pennsylvania state wage claim against CDK, CDK does not move for dismissal because Plaintiff did provide services for it in Ohio and Pennsylvania.  That CDK does not seek dismissal should not impact the Court's evaluation of Dak-Tana's and Nine Energy's motion.

**V.     CONCLUSION**

For the foregoing reasons, Defendants request as follows:

1. Dismissal of Counts Three (New York labor law), Four (Montana overtime law) and Five (North Dakota overtime law) against CDK, Dak-Tana and Nine Energy; and

2. Dismissal of Counts Two (Ohio wage law) and Three (Pennsylvania overtime law) against Dak-Tana and Nine Energy.

                                      Respectfully submitted,

                                      */s/ Felix C. Wade*
                                      Felix C. Wade, Trial Attorney     (0024462)
                                        ICE MILLER, LLC
                                        250 West Street, 7th Floor
                                        Columbus, OH 43215
                                        Phone:      (614) 462-2276
                                        Facsimile:   (614) 228-3673
                                        Pete.Wade@icemiller.com

                                      */s/ Sean M. Becker*
                                      SEAN M. BECKER *(Pro Hac Vice)*
                                      Texas Bar No. 24049657
                                      CHRISTIE M. ALCALÁ *(Pro Hac Vice)*
                                      Texas Bar No. 24073831
                                      VINSON & ELKINS L.L.P.
                                      1001 Fannin Street, Suite 2500
                                      Houston, Texas 77002
                                      Telephone:   713.758.2646
                                      Facsimile:    713.615.5129
                                      *sbecker@velaw.com*
                                      *calcala@velaw.com*

                                      ATTORNEYS FOR DEFENDANTS
                                      CDK PERFORATING, LLC, DAK-TANA
                                        WIRELINE, LLC AND NINE ENERGY
                                      SERVICE, INC.

## **CERTIFICATE OF SERVICE**

      I certify that on June 29, 2015, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF System and automatically copied to all Counsel of Record.

                                                */s/ Sean M. Becker*
                                                Attorney for Defendant

US 3590685