IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD WEBBER | ) | CASE NO. 2:15-cv-1807 |
| | ) | |
| on behalf of himself and | ) | JUDGE EDMUND A. SARGUS |
| all others similarly situated, | ) | |
| | ) | MAGISTRATE JUDGE |
| Plaintiff, | ) | TERENCE P. KEMP |
| | ) | |
| vs. | ) | **RULE 26(f) REPORT OF PARTIES** |
| | ) | |
| NINE ENERGY SERVICE, INC., *et. al.* | ) | |
| | ) | |
| Defendants. | ) | |

The parties respectfully and jointly submit this Rule 26(f) Report of Parties pursuant to Fed. R. Civ. P. 26(f) and the Local Rules.

**1.**  Pursuant to Fed. R. Civ. P. 26(f) and LR 16.3(b), a meeting was held by phone on July 8, 2015 and was attended by:

   Don J. Foty, counsel for plaintiff

   Anthony J. Lazzaro, counsel for plaintiff

   Sonia M. Whitehouse, counsel for plaintiff

   Felix C. Wade, counsel for defendants

   Sean M. Becker, counsel for defendants

   Christie M. Alcala, counsel for defendants

**2.**  **Consent to Magistrate Judge.**  The parties:

   _____ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636 (c).

__x__ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636 (c).

3. **Initial Disclosures.** The parties:

_____ have exchanged the initial disclosures required by Rule 26(a)(1);

__x__ Plaintiffs requests that the parties exchange such disclosures by August 10, 2015.  Defendants assert that discovery should be stayed until venue-related matters are resolved, as Defendants assert that this case should be transferred to the United States District Court for the Southern District of Texas and that discovery deadlines should be established following such a transfer.

_____ are exempt from such disclosures under Rule 26(a)(1)(E).

_____ have agreed not to make initial disclosures.

4. **Jurisdiction and Venue**

a. Describe any contested issues relating to: (1) subject matter jurisdiction, (2) personal jurisdiction and/or (3) venue:

Plaintiff asserts that there are none known at this time.

Defendants assert that, as set forth in the motions to dismiss on file, initial Defendant Dak-Tana Wireline, LLC disputed that the Court had personal jurisdiction over the claims against it.  Those claims have now been omitted from Plaintiff's First Amended Complaint.  Accordingly, Defendants assume that Plaintiff is no longer seeking to bring claims against Dak-Tana or seeking to pursue those claims included in its Complaint but not within its First Amended Complaint.

Defendant Nine Energy Service, Inc. ("Nine") continues to dispute that it is a proper defendant and has brought a motion to dismiss the claims against it.  Nine is

evaluating whether Plaintiff's First Amended Complaint affects that motion and anticipated filing a responsive pleading to Plaintiff's First Amended Complaint on July 22, 2015.

Defendants dispute that venue for this matter is appropriate, as the subject matter of this lawsuit is at issue, including common members of Plaintiff's putative class, in the earlier filed action styled *Cornell v. Nine Energy Services, L.L.C.*, Civil Action No. 4:15-cv-0620 pending in the United States District Court for the Southern District of Texas. Defendants anticipate that a motion to transfer venue will be filed soon and assert that discovery should be stayed, and discovery schedules should not be established, until such motion is resolved.

    b.    Describe the discovery, if any, that will be necessary to the resolution of issues relating to jurisdiction and venue:

None known at this time.

    c.    Recommended date for filing motions addressing jurisdiction and/or venue:

Plaintiff asserts that none are known at this time.  Defendant recommends a deadline of August 28, 2015.

    **5.**    **Amendments to Pleading and/or Joinder of Parties**

    a.    Recommended date for filing motion/stipulation to amend the pleadings or to add additional parties:   This case is pled as a collective action pursuant to 29 U.S.C. 216(b). Plaintiffs assert that the deadline to amend pleadings or add additional parties should be one month after the completion of the first-tier notice stage of discovery.  Defendants assert that such deadlines should be determined after matters relating to the appropriate venue of this case, and

any transfer of such case to the United States District Court for the Southern District of Texas are resolved.

    b.  If class action, recommended date for filing motion to certify the class: <u>Conditional Certification</u>. Plaintiff will move for conditional certification of the case as a collective action under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216(b) and the issuance of notice to potential opt-ins enabling them to join no later than the date of the Case Management Conference, July 21, 2015. (Doc. # 4). Plaintiff has asked Defendant to consider stipulating to conditional certification. Defendants assert that any motion for conditional certification, and filing deadlines established therefor, should be determined after matters relating to the appropriate venue of this case, and any transfer of such case to the United States District Court for the Southern District of Texas, are resolved. Defendants further assert that resolution of any class certification matters in the lawsuit styled *Cornell v. Nine Energy Services, L.L.C.*, Civil Action No. 4:15-cv-0620 pending in the United States District Court for the Southern District of Texas should be resolved prior to any certification filed in this case.

    <u>Class Certification</u>. Plaintiff's Amended Complaint (Doc. # 7) also asserts Rule 23 classes for the determination of state law claims under Ohio and Pennsylvania law. In Part 6(a) below, Plaintiff proposes a discovery plan under which discovery relating to Rule 23 class certification requirements will be conducted expeditiously and Plaintiff's motion for class certification will be promptly filed. Plaintiffs' recommended date for the filing of Plaintiff's class certification motion under Rule 23 is on or before the close of discovery. Defendants assert that discovery related to Rule 23 class certification, and filing deadlines related to the moving of any Rule 23 classes (which Defendants assert are not appropriate) should be determined after matters relating to the appropriate venue of this case, and any transfer of such case to the United

4

States District Court for the Southern District of Texas, are resolved. Defendants further assert that resolution of any class certification matters in the lawsuit styled *Cornell v. Nine Energy Services, L.L.C.*, Civil Action No. 4:15-cv-0620 pending in the United States District Court for the Southern District of Texas should be resolved prior to any certification filed in this case.

**6.    Recommended Discovery Plan**

a.    Describe the subjects on which discovery is to be sought and the nature and extent of discovery that each party will need:

Plaintiff asserts that, with respect to the merits of Plaintiffs' claims, and after the first-tier notice stage, the itwould seek discovery regarding the identity of witnesses and persons with knowledge of Plaintiffs' claims; prior wage and hour actions and complaints against Defendant (if any); employment information and documents for Plaintiffs (including time and pay records); the job duties actually performed by Plaintiffs; the work schedules of Plaintiffs and co-workers; evidence of employees' hours and activities; Defendant's proof regarding any no-overtime policy; Defendant's establishment, review and basis of such alleged policy; and Defendant's good faith defense.

Defendants assert that discovery should be stayed pending the resolution of anticipated motions regarding the proper venue of this case. Defendants further assert that discovery will include the matters put at issue by Plaintiff and any other plaintiff who joins this case, including discovery related to job duties, hours worked, compensation received, the applicability of exemptions applicable to each Plaintiff and any other plaintiff who joins the case and the findings of a 2014 Department of Labor audit, which determined that the practices Plaintiff now challenges were compliant with the Fair Labor Standards Act. Defendant also asserts that

discovery will include matters relating to Plaintiff's status as a putative representative plaintiff and the viability of any collective or class action in this case.

      b.      What changes should be made, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court?

Plaintiff asserts that , in the event that the Court certifies this case as a collective action and/or class action, discovery should be conducted on a representative basis.  Defendants assert that discovery with respect to the claims of each individual who joins this suit is appropriate and Defendant should be allowed to pursue written discovery with respect to, and depositions of, each such individual.

      c.      The case presents the following issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

If Plaintiffs' time and pay data is stored in electronic format, Plaintiffs will request that Defendants produce the information in electronic format.  Defendants reserve the right to object to such form of production.  Other than this, no issues are anticipated at this time.  The parties will conduct such discovery according to the standard protocols.

      d.      The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

None expected at this time.

      i.      Have the parties agreed on a procedure to assert such claims AFTER production?

Not Applicable.

      e.      Identify the discovery, if any, that can be deferred pending settlement discussion and/or resolution of potentially dispositive motions:

Plaintiffs state that all discovery can be deferred with the exception of time and pay data for each employee, in the event the parties choose to engage in settlement discussions. Defendants assert that discovery can be deferred if the parties engage in settlement discussions.

  f.  The parties recommend that discovery should proceed in phases, as follows:

See Part 6(a) above.  Plaintiff asserts that his Motion for Conditional Certification will seek expedited discovery regarding the potential opt-in plaintiffs, including names and addresses.  Defendants assert that any matters relating to phased discovery should be determined after matters relating to the appropriate venue of this case, and any transfer of such case to the United States District Court for the Southern District of Texas, are resolved.

  g.  Describe the areas in which expert testimony is expected and indicate whether each expert will be specially retained within the meaning of Fed. R. Civ. P. 26(a)(2):

The parties may use accountant or similar professionals to tabulate estimates of hours and calculations of damages.  Defendant reserves the right to identify other areas for expert testimony.

  i.  Recommended date for making primary expert designations:

Plaintiff asserts: three months after the completion of the first-tier notice stage.  Damages reports will be due 60 days before the close of discovery.

Defendants assert that such deadline should be determined after matters relating to the appropriate venue of this case, and any transfer of such case to the United States District Court for the Southern District of Texas, are resolved.

  ii.  Recommended date for making rebuttal expert designations:

Plaintiff asserts: four months after the completion of the first-tier notice stage.  Rebuttal damages reports will be due 30 days before the close of discovery.

Defendants assert that such deadline should be determined after matters relating to the appropriate venue of this case, and any transfer of such case to the United States District Court for the Southern District of Texas, are resolved.

    h.    Recommended discovery completion date:

Plaintiff asserts: nine months after the completion of the first-tier notice stage. Defendants assert that such deadline should be determined after matters relating to the appropriate venue of this case, and any transfer of such case to the United States District Court for the Southern District of Texas, are resolved.

**7.    Dispositive Motion(s)**

    a.    Recommended date for filing dispositive motions:

Plaintiff asserts: one month after the completion of discovery.  Defendants assert that such deadline should be determined after matters relating to the appropriate venue of this case, and any transfer of such case to the United States District Court for the Southern District of Texas, are resolved.

**8.    Settlement Discussions**

    a.    Has a settlement demand been made?  A response?

    No

    b.    Date by which a settlement demand can be made:

Plaintiff asserts: 30 days after the production of time and pay data for each employee in the class.  Defendant disputes that class certification is appropriate and asserts that a settlement demand could be made prior to any such production.

    c.    Date by which a response can be made:

    30 days after receipt of the settlement demand.

9. **Settlement Week Referral**

The earliest Settlement Week referral reasonably likely to be productive is the:

\_\_\_\_\_ March 20 Settlement Week

\_\_\_\_\_ June 20 Settlement Week

\_\_\_\_\_ September 20 Settlement Week

\_\_x\_\_ December 20 Settlement Week

10. **Other matters for the attention of the Court**

None at this time.

Respectfully submitted,

| | |
|---|---|
| /s/ Anthony J. Lazzaro | /s/ Don J. Foty |
| Anthony J. Lazzaro (0077962) | (will file for admission *pro hac vice*) |
| Sonia M. Whitehouse (0088684) | Kennedy Hodges, L.L.P. |
| The Lazzaro Law Firm, LLC | Texas State Bar No. 24050022 |
| 920 Rockefeller Building | 711 W. Alabama Street |
| 614 W. Superior Avenue | Houston, Texas 77006 |
| Cleveland, Ohio 44113 | Telephone: (713) 523-0001 |
| Phone: 216-696-5000 | Facsimile: (713) 523-1116 |
| Facsimile: 216-696-7005 | dfoty@kennedyhodges.com |
| anthony@lazzarolawfirm.com | |
| sonia@lazzarolawfirm.com | Attorneys for Plaintiff |
| | |
| /s/ Sean M. Becker | /s/ Felix C. Wade |
| SEAN M. BECKER (Attorney-in-Charge) | Felix C. Wade        (0024462) |
| State Bar No. 24049657 | ICE MILLER, LLC |
| Federal ID 602796 | 250 West Street, 7th Floor |
| CHRISTIE M. ALCALÁ | Columbus, OH 43215 |
| State Bar No. 24073831 | Phone:  (614) 462-2276 |
| Federal ID 1450050 | Facsimile:  (614) 228-3673 |
| VINSON & ELKINS L.L.P. | Pete.Wade@icemiller.com |
| 1001 Fannin Street, Suite 2500 | |
| Houston, Texas 77002 | ATTORNEYS FOR DEFENDANTS |
| Telephone: 713.758.2646 | NINE ENERGY SERVICE, INC. AND CDK |
| Facsimile:  713.615.5129 | PERFORATING, LLC |
| sbecker@velaw.com | |
| calcala@velaw.com | |

US 3649049v.2

Case: 2:15-cv-01807-EAS-TPK Doc #: 29 Filed: 07/15/15 Page: 10 of 10 PAGEID #: 166